**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RIGOBERTO MUNOZ-RIVAS, | No. 10-70636 |
| Petitioner, | Agency No. A070-190-554 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 8, 2012[**]

Before:     ALARCÓN, BERZON, and IKUTA, Circuit Judges.

Rigoberto Munoz-Rivas, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including the adverse credibility determinations. *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on a discrepancy between Munoz-Rivas's testimony and documentary evidence regarding the year of his assault and whether it occurred while he was in the military or after he completed his military service. *See Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir. 2007) (inconsistencies between testimony and documentary evidence regarding petitioner's beating and injury went to the heart of the claim and supported the adverse credibility determination). Accordingly, in the absence of credible testimony, Munoz-Rivas's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Munoz-Rivas's CAT claim is based on the same testimony the agency found not credible, and the record does not compel the conclusion that it is more likely than not he will be tortured if returned to Guatemala, his CAT claim also fails. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED**.

10-70636